19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Jesse Bud LEAVERTON, also known as Jesse Tad Worl, also
known as Mark J. Shaw, Appellant.
 No. 93-3822.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 30, 1994.
Filed: April 1, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jesse B. Leaverton appeals the district court's[1] denial of his motion to withdraw his guilty plea. We affirm.
 
 
 2
 Pursuant to a plea agreement, Leaverton pleaded guilty to aiding and abetting Thomas Warren French in the robbery of United Missouri Northwest Bank in St. Joseph, Missouri, in violation of 18 U.S.C. Secs. 2113(a), (d) and 2 (Count I), and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. Secs. 924(c) and 2 (Count II). Before sentencing, however, Leaverton moved to withdraw his guilty plea. In a letter to the court, counsel indicated that he had "interviewed several witnesses that claim they can establish an alibi for ... Leaverton, as well as provide a reason why Leaverton entered a plea of guilty." In support of the motion, Leaverton's counsel indicated that Leaverton pleaded guilty "out of a real or imagined fear of reprisal to a relative by law enforcement agents," and that counsel believed "Leaverton ha[d] a colorable defense ..., i.e. a genuine question of fact regarding defendant's participation in the armed robbery in question."
 
 
 3
 The court denied Leaverton's motion to withdraw his guilty plea. In accordance with the terms of the plea agreement, the court sentenced him to consecutive prison terms of 151 months on Count I and 120 months on Count II, to be followed by concurrent five-year and three-year terms of supervised release. Leaverton appeals the district court's denial of his motion to withdraw his plea.
 
 
 4
 A motion for withdrawal of a plea of guilty made prior to sentencing may be permitted "upon a showing by the defendant of any fair and just reason." Fed. R. Crim. P. 32(d). "The burden of establishing a fair and just reason is on the defendant," and we review for an abuse of discretion the district court's refusal to grant such a motion. United States v. Thompson, 906 F.2d 1292, 1298 (8th Cir.), cert. denied, 498 U.S. 989 (1990). "While the 'fair and just' standard is a liberal one, we are mindful that '[t]he plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same.' " Id. (quoted cases omitted).
 
 
 5
 We conclude that the district court did not abuse its discretion when it denied Leaverton's motion to withdraw his guilty plea. Leaverton made tenuous and unsupported arguments that he could present an alibi defense and that he pleaded guilty out of fear of retribution against a relative. His arguments, however, have no bearing on the legitimacy of the charges to which he pleaded guilty, and the transcript does not indicate that his plea was unknowing or involuntary.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Howard F. Sachs, Senior United States District Judge for the Western District of Missouri